IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

A CORNELL BLANKS
        Plaintiff,

vs.                                        Civil Action No. 4-10-CV-00297-Y

UNITED AEROSPACE WORKERS
LOCAL 848, JAMES RUSSELL STROWD,
WENDELL HELMS and ROMEO MUNOZ
        Defendants ET & AL.


PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT / AMEND OR SUBMIT ADDITIONAL BRIEFING TO DISPOSITIVE MOTION(S), BLANKS' SUMMARY JUDGMENT MOTION OR IN THE ALTERNATIVE, TO DEFENDANTS SUMMARY JUDGMENT REQUEST

Here Comes Plaintiff A Cornell Blanks, (Blanks) and file this Opposed motion for Leave to Supplement / or Submit Additional Briefing to Dispositive Motion(s) (1) Plaintiff's Summary Judgment Motion or (2) Supplement Plaintiff's Reply to Defendants Summary Judgment Request and for cause will show the following:

**I.**

Pursuant to the United States District Court Order the Honorable Judge Means set April 19th 2011 as the defining deadline for filing dispositive Motions by the parties.

Due to unforeseen perplexing legal quagmire challenges, court computer knowledge deficits, electronic filing shortcomings and overall circumstances comingled with extreme resistance from Defendants attorney of record to not destroy documents, provide Relevant Discovery, and tell the truth Plaintiff has exceeded the boundaries of any layperson with regards to the requirements

1

thus has failed to request the Leave Necessary to procedurally advance his cause in the interest of justice.

## II.

None the less, Plaintiff has repeatedly, made a good faith effort to defend and advance his cause, and in the abundance of caution has made proper Objections and in the Abundance of caution answered each and every false contention made by Defendant and its counsel, unaware at this point it was unnecessary.

Further, both parties Plaintiff and Defendant have historically both filed multiple responses to one another's, Motions, Brief and Pleadings without deficiencies ever being cited by the clerk.

## III.                    GOOD CAUSE EXISTS

Throughout the pendency of this tort Plaintiff has consistently maintained, without waiver that Defendants collectively were and always in a position as UAW union representative contractually obligated to protect its members from harassment / discrimination, had a duty to prevent this cause but took no action but in the alternative taking a very active role during his employment with Vought Aircraft to conceal its' complicity in discrimination against workers by allowing all white work areas, to exist for years if not decades at the Grand Prairie Texas work location.

Plaintiff further maintained that defense counsel committed various acts of discovery abuses, denying Plaintiff to examine relevant documents and possibly committing spoliation, destroyed key documents favorable to Blanks trial and chief resulting in an unfair advantage and unequal access to the Court.

2

Here Defendants and defense counsel deliberate acts have come to light through the deposition testimony of the Defendants, very own witnesses evidencing they withheld favorable discovery production from pro se Plaintiff.

 The above referenced acts are inconsistence with the frcp and overall to date have avoided courtroom imposing sanctions or penalties altogether making it overwhelming for Blanks to overcome the presumption of non-discoverability.

On request the Court has authority / discretion on cause to extend or allow the introduction of relevant documentation after procedural time lines have past, which shows bad acts were committed,  and here Plaintiff makes such a request and cites a mistake in judgment could possibly result due to Defendants falsification and deny Plaintiff this opportunity to reveal Defendants acts,  in all probability would forever prejudice Blanks overall position in this case and may lead to  mistake in judgment about legal questions, legal responsibilities and moral culpability of the defense, after all defense counsel opened the door by entering the second page of a multiple page document.

Plaintiff in this case filing dispositive Motions and responding to Defendants bad faith dispositive Motion for Summary Judgment did not have excerpts of the deposition in hand of Defendants James Russell Strowd and Wendell Helms, to defend against this lynching.

Plaintiff prior to Defendants 05/23/2011 Reply document # [73] Blanks did not have any of the excerpts Depositions in hand and available to present to the Court as appendixes and evidence pertaining to verifiable testimony.

It was not until defense counsel Mr. Sanford Denison in bad faith attempted to introduce toxic, incomplete, excerpts of the deposition record skewing and misstating true and complete events

3

into the record as competent Summary Judgment evidence did Blanks, cringe and winch experiencing what can only be described as a picking at the scabs of raw and wounded emotion. True problems arose for Blanks regarding the Deposition Service Cost and based on the nearly $4000.00 tax the agency was unwilling to abide by the verbal agreement which allowed for a down payment of half the cost in which [Blanks previously paid, more than half of the agreed obligation]and the remaining $1500.00 balance and prearranged payment schedule which the agency nullified later for reasons unknown. After all Plaintiff had utilized this very same Deposition service on another occasion and experienced no problems, owed no monies and truly believed a atmosphere of trust was established due to past practices.

The deposition service surprised Plaintiff when it refused to release any portions thereof of the Deposition under any circumstances under the past and current agreement, resulting in complete document unviability. The Deposition Service was in the business of understanding deadlines, scheduling Orders and Court decorum, thus no plausible reasoning was afforded Plaintiff b y the about face maneuver.

In the alternative the service required balance in full prior to any excerpts, depositions, and evidence being provided, and as such this resulted in the overall delay of the Deposition records Appendixes.

Defendant obviously, on proofing the deposition for signature stole and burned an unauthorized copy for itself and used small excerpts of that fruit to misstate the facts as they understood them to be.

Once Defendant surreptitiously presented incomplete copies of the entire record into evidence in an act to mislead the court and tip the scales, Plaintiff devoted his energies to address this

injustice resulting in extreme concessions for his family and leveraged the household income to pay the balance and provide the documents to the court in retort to Defendants document # 73. In the interest of Justice to correct an injustice, Good Cause exists for Plaintiff's filing of the documents #'s 76, 78, 79 and 80, in part due to and based on the continual overall pattern of discriminatory acts of Defendants and clear procedural violations of defense counsel. Thus Plaintiff request leave to submit additional Briefing, evidence and Appendixes for Court finding of fact and conclusion of law review.

**IV.**

Federal Rule of Evidence 402 (a) (b) relates in part to ground rules in the law of evidence to the truth of all relevant matters admissibility. In this case Defendant attempts to introduce segmented fragmented excerpts of evidence of James Russell Strowds and Wendell Helms Depositions is immaterial and not wholly within the range of shedding a true light on the controversy before the court nor does not help advance the overall pleadings as such Blanks is compelled and supported by substantive law to set the record straight by introducing the whole record in clearing the discrepancies and prevent an injustice.

Although not surprisingly, Defendant is opposed to the Court Granting Plaintiff Leave for re-file documents #'s 76, 77, 78, 79 & 80 for the record UAW Local 848 nor Mr. James Russell Strowd, Mr. Wendell Helms and Mr. Romeo Munoz would experience no undue harm or prejudice by such a ruling.

In the alternative Blanks would be unduly prejudiced if the highly relevant documents which evidence both Defendants collectively and defense counsels fraud, bad acts and bad faith are disallowed at this pivotal point.

Surely Defendants strategy here has resulted in a stretching of the Courts Initial Scheduling Order for both Plaintiff, and Defendant whom have found it necessary to request multiple extensions, obviously Blanks pro se struggles more with the time line and procedural obligations as he does not possess the authority to subpoena witnesses absent a court order.

**WHEREFORE,** Plaintiff respectfully Pray the Court allow this Motion for Leave to Supplement the record with additional Briefing and bring Appendix Evidence for clarification and accordingly re-file documents #'s 76, 77, 78, 79 & 80 amongst the papers of the court in Support of both his Dispositive SJ / PSJ and his SJ Reply Motions to Defendants Dispositive Motion for the reason stated herein and apologize for any inconveniences.

**Respectfully Submitted**

**___/s/ A Cornell Blanks____**
**A Cornell Blanks**
**PO Box 101501**
**Fort Worth, Texas 76185**
**(817) 995-6955**

## CERTIFICATE OF CONFERENCE

On 8 June 2011 Plaintiff established contact with defense counsel Mr. Sanford Denison in which is opposed to any Motion for Leave to Amend or provide Additional Briefing and Evidence to allow the Court to review and make a determination of unfiled documents 76, 77, 78, 79 & 80 with regards to the aforementioned Motion for Leave to properly file.

## **CERTIFICATE OF SERVICE**

Plaintiff attest that a true and complete copy of the forgoing was sent to Defendant's attorney of record one Mr. Sanford Denison via Electronic medium at his place of business e-mail address Babb's & Denison Attorneys .

    **Respectfully Submitted**

    ___/s/ A Cornell Blanks____
    **A Cornell Blanks**
    **PO Box 101501**
    **Fort Worth, Texas 76185**
    **(817) 995-6955**