UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| A. CORNELL BLANKS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CA No. 4-10-cv-297-Y |
| | § | |
| UNITED AEROSPACE WORKERS | § | |
| LOCAL 848, JAMES RUSSELL STROWD, | § | |
| WENDELL HELMS, and ROMEO MUNOZ | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE AND BRIEF IN SUPPORT

SANFORD R. DENISON
Texas Bar No.  05655560
Baab & Denison, LLP
Stemmons Place, Suite 1100
2777 N. Stemmons Freeway
Dallas, TX 75207
(214) 637-0750; (214) 637-0730 FAX
Email: denison@baabdenison.com

COUNSEL FOR UNITED AEROSPACE
WORKERS LOCAL 848 of the UAW, JAMES
RUSSELL STROWD, WENDELL HELMS, AND
ROMEO MUNOZ

Dated: June 21, 2011

## TABLE OF CONTENTS

Table of Authorities................................................................................................................iii

I.      Introduction ...................................................................................................... 1

II.     Report on Efforts to Confer.. ............................................................................ 2

III.    Blanks' Declarations Should be Stricken Because they Fail to Affect any Material
        Fact Issues ......................................................................................................... 2

IV.     Alternatively, Specific Averments in Blanks' Declarations Should be Stricken Because
        They are not Admissible as Required by Fed.R.Civ.P., Rules 56(c)(2) & (4).................... 4

V.      Specific Documents in Blanks' Appendix should be Stricken or Disregarded Because
        They Fail to Affect any Material Fact Issues and are not Admissible as Required by
        Fed.R.Civ.P., Rules ...................................................................................... 12

# TABLE OF AUTHORITIES

A. Cornell Blanks v. Vought Aircraft Industries, Inc.,
2010 WL 4315530 (N.D. Tex) ................................................................................. 3

A. Cornell Blanks v. Vought Aircraft Industries, Inc.,
2010 WL 4321580 (N.D. Tex) ................................................................................. 3

Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995) ................................ 3

Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir. 1975) .................... 3

S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495-96 (5th Cir. 1996) ............ 2, 7, 8, 9, 10, 11, 12

Tyler v. Runyon, 70 F.3d 458, 469 (7th Cir. 1995) ........................................ 3

**STATUTES:**

28 U.S.C. § 1756 ............................................................................................... 2

**RULES:**

Federal Rule of Civil Procedure, Rule 56(c)(2) ................................................ 2, 4

Federal Rule of Civil Procedure, Rule 56(c)(4) ........................................ 2, 4, 5, 6, 7

Federal Rules of Evidence, Rule 402 ............................ 1, 8, 9, 10, 11, 12, 13, 14, 15, 17

Federal Rules of Evidence, Rule 701 ........................... 1, 5, 6, 7, 10, 11, 12

Federal Rules of Evidence, Rule 802 ........................... 14, 15, 16

Federal Rules of Evidence, Rule 901 ........................... 13, 14, 15, 16, 17

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| A. CORNELL BLANKS | § | |
| | § | |
| v. | § | |
| | § | CA No. 4-10-cv-297-Y |
| UNITED AEROSPACE WORKERS | § | |
| LOCAL 848, JAMES RUSSELL STROWD, | § | |
| WENDELL HELMS, and ROMEO MUNOZ | § | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT
EVIDENCE AND BRIEF IN SUPPORT**

Defendants United Aerospace Workers Local 848 ("Local 848"), James Russell Strowd, Wendell Helms, and Romeo Munoz (collectively "Defendants"), by and through their undersigned counsel, file this Motion to Strike Plaintiff's Summary Judgment Evidence and Brief in Support and respectfully show this Court as follows:

**I.
Introduction**

Blanks has filed both a Motion for Summary Judgment ("Motion") (doc. 69) and a Response to Defendants' Motion for Summary Judgment ("Response") (doc. 67). In support of both his Motion and Response, Blanks has submitted his Declaration[1] as an attachment to both his Motion and Response and a separately filed Appendix[2] (do.c. 68) containing various documents as supporting evidence for the factual allegations he makes in each; all are the targets of this Motion to Strike. As will be demonstrated below, Defendants seek to strike as follows: (1) Blanks' Declarations *in toto* because they fail to affect any material fact that is in issue, (2) alternatively, specific averments in the

---

[1] The Declarations that Blanks relies upon are located, not in an appendix, but rather as attachments at the end of both his Motion (doc. 69 PageID 1085-89) and Response (doc. 67 PageID 979-83). Both Declarations appear to be identical and are treated the same here.

[2] Although Blanks filed his Appendix in conjunction with his Response, he states in his Motion that he relies on this Appendix to support his Motion as well. (doc. 69 PageID 1051).

1

Declarations because they are not in admissible form as Fed.R.Civ.P., Rule 56(c)(2) requires, and (3) specific documents in the Appendix (doc. 68) because they fail to affect any material fact that is in issue and/or are not in admissible form as Fed.R.Civ.P., Rule 56(c)(2) requires.

## II.
## Report on Efforts to Confer

Because of this Motion to Strike's relationship to the dispositive motions now before the Court, there is no question that Blanks opposes this Motion and, thus, the parties have not conferred. The Court will have to rule on it.

## III.
## Blanks' Declarations Should be Stricken Because they Fail to
## Affect any Material Fact Issues

A declaration submitted on summary judgment must, at a minimum, meet four requirements before a district court may consider it in ruling on a Fed.R.Civ.P., Rule 56 motion. First, in the case of a declaration, it must meet the specific requirements set forth in Fed.R.Civ.P., Rule 56(c)(4) and in 28 U.S.C. § 1746. Second, as specified by Fed.R.Civ.P., Rules 56(c)(2) & (4), the averments in the declaration must otherwise satisfy the admissibility requirements of the Federal Rules of Evidence. Third, the declaration must not contain averments that contradict, without a satisfactory explanation, the declarant's prior sworn testimony. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495-96 (5th Cir. 1996). Fourth, the declaration must contain averments that "affect" a *material* fact at issue in the case. Id. at 496 (issue created by affidavit not considered on summary judgment because it "does not affect a material fact").

In subjecting a summary judgment declaration to the materiality test, the court must separate real issues from sham issues:

> "The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the former may subject the moving party to the burden of trial. Here we are convinced that the issues of fact created by Radobenko are not issues which this Court could reasonably characterize as genuine; rather, they are sham issues which should not subject the defendants to the burden of trial."

Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir. 1975) (citations omitted).[3]

Here, Blanks' Declarations fail the materiality test. More specifically, Blanks makes 41 total averments in the numbered paragraphs of his Declarations. Averments Nos. 1-5, 7, 9, 12-14, 23, 30, 33-34, 41 are factual allegations that do not affect a material fact at issue in the case. Averments Nos. 10, 15-17, 21, 32, 35-36 are legal conclusions and arguments--not factual allegations affecting any material fact at issue in the case. Averments Nos. 6, 8, 11, 18-20, 22 are factual allegations that perforce are not based on Blanks' personal knowledge and, thus, cannot affect a material fact at issue in the case. Averments Nos. 24-29 are factual allegations submitted by Blanks in his attempt to re-litigate factual issues already decided adverse to Blanks in his separate suit against Vought[4] claiming, *inter alia*, that Vought breached the collective bargaining agreement by terminating him, the re-litigation of which is precluded by collateral estoppel as a matter of law and, thus, cannot affect a material fact at issue in the case.[5] Averments Nos.

---

[3] *Cf.* Tyler v. Runyon, 70 F.3d 458, 469 (7th Cir. 1995) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." (quoting Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995)) (internal quotation marks omitted)).

[4] See A. *Cornell Blanks v. Vought Aircraft Industries, Inc.,* (Civil Action No. 3:09-CV-695-K, U.S. Dist. Ct. N.D. Tex.) reported at 2010 WL 4315530 (N.D. Tex), and 2010 WL 4321580, which decisions are now pending appeal to the Fifth Circuit Court of Appeals, No. 10-11103 (5th Cir.).

[5] The legal authority supporting Defendants' contentions that (1) Blanks' only real alleged claim against the Defendants in this lawsuit is his alleged claim for breach of the duty of fair representation ("DFR") that is one side of the "hybrid" employer breach of contract/union breach of the DFR intertwined cause of

37-40 are an attempt to manufacture a "sham" issue that does not genuinely exist and, thus, cannot affect a material fact at issue in the case.[6]

Thus, for the foregoing reasons, Blanks' Declarations attached to his Motion for Summary Judgment (doc. 69 PageID 1085-89) and his Response to Defendants' Motion for Summary Judgment (doc. 67 PageID 979-83), in their entirety, fail to affect any material fact at issue before the Court on summary judgment and, as such, cannot provide the grounds for granting Blanks or denying Defendants summary judgment. Therefore, Blanks' Declarations should either be stricken from the summary judgment record or disregarded by the Court when it rules on the parties' respective summary judgment motions.

## IV.
### Alternatively, Specific Averments in Blanks' Declarations Should be Stricken Because they are not Admissible as Required by Fed.R.Civ.P., Rules 56(c)(2) & (4)

The following averments in Blanks' Declarations (listed by paragraph number) should be stricken because they are not admissible as required by Fed.R.Civ.P., Rules 56(c)(2) & (4):

<u>No. 6</u> – Blanks indisputably was not employed by Vought when the CBA at issue here was ratified (*i.e.*, CBA was ratified in 2007, Blanks was hired in 2008) and, thus, he has no personal knowledge of the ratification vote by the union members. This fails the

---

action and (2) that Blanks' breach of contract (CBA) claim is precluded by collateral estoppel is fully set forth in Defendants' Brief in Support of Motion for Summary Judgment and/or to Dismiss. (doc. 60 PageID 570-73). Those arguments and legal authority are fully incorporated herein.

[6] As fully set forth in Defendants' Reply (doc. 73, 74) and Brief in Support of Motion to Dismiss and/or for Summary Judgment (doc. 60), as well as in the supporting Appendix thereto (doc. 61), which are both fully incorporated herein, Blanks' averments describing Helms' and Strowd's deposition testimony are an attempt to create a "sham" issue because they are indisputably false and/or not material. (doc. 73 PageID 1160-62; docs. 74-1, 74-2, 74-3).

4

competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 65(c)(4) and, as such, is inadmissible and must be stricken.

No. 8 – Blanks indisputably was not employed by Vought when the CBA at issue here was negotiated (*i.e.*, CBA was ratified in 2007, Blanks was hired in 2008) and, thus, he has no personal knowledge of the effort or time required to negotiate the CBA at issue here. This fails the competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 65(c)(4) and, as such, is inadmissible and must be stricken.

No. 10 – Blanks' opinion as to what he "duly expected" Defendants and Vought would do under the CBA is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 11 – Blanks sets forth no facts that would suggest he has any personal knowledge of how Vought conducts its business with any governmental entity. This fails the competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 56(c)(4) and, as such, is inadmissible and must be stricken.

No. 15 – Blanks' opinion as to whether Defendants' could use "common law of the shop" terminology to describe the grievance steps under the CBA is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in the application of  the "common law of the shop" doctrine. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 16 – Blanks' opinion as to the timing and manner of Defendants' processing of his grievance is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in determining any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 17 – Blanks' opinion as to the amount of time that Defendants had to process his grievance under the CBA is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in determining any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 18 – Blanks indisputably was not employed by Vought when the CBA at issue here was negotiated (*i.e.*, CBA was ratified in 2007, Blanks was hired in 2008) and, thus, he has no personal knowledge of the purpose or intent, or the parties past practice, with regard to the specific time periods set forth for the steps of the grievance procedure as described in the CBA.  This fails the competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 56(c)(4) and, as such, is inadmissible and must be stricken.

No. 19 – Blanks indisputably was not employed by Vought until 2008 and has no personal knowledge of the history of the negotiation of, or the parties past practice operating under, Article V of the CBA, or of past CBA's between the Local 848 and Vought. This fails the competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 56(c)(4) and, as such, is inadmissible and must be stricken.

<u>No. 20</u> – Blanks indisputably was not employed by Vought until 2008 and has no personal knowledge of the history of the negotiation of, or the parties past practice operating under, Article V of the CBA, its purpose or intent, or its relationship, if any, to "past practices." This fails the competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 56(c)(4) and, as such, is inadmissible and must be stricken.

<u>No. 21</u> – Blanks' opinion that Defendants "wrongfully discard the time period limitations of article V" and "discriminated against" him is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in determining any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

<u>No. 22</u> – Blanks indisputably was not employed by Vought until 2008 and has no personal knowledge of the history of Vought's employment of black employees in general, or for the "Pratt & Whitney Jet assembly line position" in particular. This fails the competency requirement for summary judgment declarations as set forth in Fed.R.Civ.P., Rule 56(c)(4) and, as such, is inadmissible and must be stricken.

<u>No. 23</u> – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (<u>S.W.S. Erectors, Inc.</u>, *supra,* 72 F.3d at 496) and the

relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 24 – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment and whether Vought breached the CBA by doing so, are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., supra, 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 25 – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment and whether Vought breached the CBA by doing so, are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., supra, 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 26 – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment and whether Vought breached the CBA by doing so, are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., supra, 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 27 – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment and whether Vought breached the CBA by doing so, are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 28 – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment and whether Vought breached the CBA by doing so, are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 29 – Blanks' allegations in this averment concerning the facts surrounding and leading up to Vought's decision to terminate his employment and whether Vought breached the CBA by doing so, are, as described in the preceding section, neither relevant or material because he is collaterally estopped from re-litigating those facts here. These allegations fail the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 30 – Blanks' allegations in this averment concerning his employment history with Lockheed Martin Aero prior to his 2008 hiring by Vought are neither relevant or

9

material to any issue in this litigation. These allegations fail the materiality requirement for summary judgment evidence (<u>S.W.S. Erectors, Inc.</u>, *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 31 – Blanks' allegations in this averment concerning his employment history prior to 2008 and his reasons for wanting to work two jobs in 2008 are neither relevant or material to any issue in this litigation. These allegations fail the materiality requirement for summary judgment evidence (<u>S.W.S. Erectors, Inc.</u>, *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 32 – Blanks' opinion and speculation as to Defendants' motivations in processing his grievance is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in determining any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 34 – Blanks' allegations in this averment that he knows of other employees, all unnamed, who have allegedly worked at both Vought and Lockeheed Martin at the same time are neither relevant or material to any issue in this litigation. These allegations fail the materiality requirement for summary judgment evidence (<u>S.W.S. Erectors, Inc.</u>, *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, are inadmissible and must be stricken.

No. 35 – Blanks' opinion as to what he "fully expected" Defendants and Vought would do under the CBA is not helpful or relevant to determining a fact in issue, as

Blanks' subjective opinion is not an element in any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 36 – Blanks' opinion that his actions did not warrant a discharge is not helpful or relevant to determining a fact in issue as his subjective opinion is not an element in any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 37 – Blanks' allegation in this averment that Defendant Strowd never took a grievance to arbitration is neither relevant or material to any issue in this litigation given that Strowd in his capacity as Local 848's Vought Grievance Chairman indisputably has never had the responsibility or authority to take a grievance to arbitration for Local 848. This allegation fails the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, is inadmissible and must be stricken.

No. 38 – Blanks' indisputably false allegation in this averment that Defendant Helms never took a grievance to arbitration is neither relevant or material to any issue in this litigation given the absence of legal authority accepting a union's grievance-to-arbitration record as evidencing a breach of the DFR. This allegation fails the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, is inadmissible and must be stricken.

11

No. 39 – Blanks' opinion that Strowd and Helms supposedly violated various duties to him is not helpful or relevant to determining a fact in issue, as Blanks' subjective opinion is not an element in any of his alleged claims in this lawsuit. This fails the lay witness opinion evidence requirement of Fed.R.Evid., Rule 701 and, as such, is inadmissible and must be stricken.

No. 40 – Blanks' indisputably false allegation in this averment that Defendant Helms never took a grievance to arbitration is neither relevant or material to any issue in this litigation given the absence of legal authority accepting a union's grievance-to-arbitration record as evidencing a breach of the Duty of Fair Representation. This allegation fails the materiality requirement for summary judgment evidence (S.W.S. Erectors, Inc., *supra,* 72 F.3d at 496) and the relevancy requirement under Fed.R.Evid., Rule 402 and, as such, is inadmissible and must be stricken.

## V.
### Specific Documents in Blanks' Appendix Should be Stricken or Disregarded Because they Fail to Affect any Material Fact Issues and are not Admissible as Required by Fed.R.Civ.P., Rules 56(c)(2) & (4)

In support of both his Response to Defendants' summary judgment motion and his own summary judgment motion, Blanks submits an "Appendixs" (doc. 68) containing certain documents that should be stricken or disregarded by the Court when it rules on the parties' respective summary judgment motions because they fail to affect any material fact issue and/or are inadmissible as follows:

Appendix 1 – Appendix 1, together with Appendix 2, are copies of Blanks' grievance form reflecting various signatures as they existed at different points in time in the processing of the grievance: Appendix 1 at a point in time after Vought's denial of the grievance at the Third Step on September 2, 2008, but before its appeal to the

Prearbitration Review Step; and Appendix 2 at a point in time after the grievance had been appealed to the Prearbitration Review Step by Local 848 Grievance Chairman Strowd on January 20, 2009. Defendants have submitted Appendix 2 in support of their motion for summary judgment as being a complete copy of Blanks' grievance after it had been fully processed through the steps of the CBA's grievance procedure. However, Blanks contends in his summary judgment motion that because Defendants submitted the version of the grievance form he attaches as Appendix 2 reflecting Strowd's signature on the bottom appealing it to the Prearbitration Review Step, which signature the Appendix 1 version does not reflect, this is purportedly evidence of fraud or dishonesty by Defendants in processing his grievance. (doc. 69 PageID 1071). To the extent that Blanks offers Appendix 1 as such evidence, Defendants contend that this document lacks foundation and is not authenticated under Fed.R.Evid., Rule 901. Thus, as introduced for that purpose this form of the grievance is inadmissible and should be stricken or disregarded by the Court.

Appendix 3 – this purports to be a picture of the Pratt & Whitney engine line at Vought that Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The picture is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant under Fed.R.Evid., Rule 402 to this case as it has no bearing on Blanks' grievance challenging his discharge or on Defendants' processing of that grievance and decision not to submit it to arbitration. Thus, this picture does not affect any material fact issue, is inadmissible and should be stricken or ignored.

Appendix 4 – this purports to be a doctor's injury excuse note that Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already

13

decided adverse to Blanks in his separate suit against Vought.[7] As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The record is also inadmissible hearsay under Fed.R.Evid., Rule 802 as it is an out of court statement offered for the truth of what it says. The note is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant under Fed.R.Evid., Rule 402. Thus, this note does not affect any material fact issue, is inadmissible and should be stricken or disregarded by the Court.

Appendix 5 – this purports to be another doctor's injury excuse note that Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The record is also inadmissible hearsay under Fed.R.Evid., Rule 802 as it is an out of court statement offered for the truth of what it says. The note is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant to this case under Fed.R.Evid., Rule 402. Thus, this note does not affect any material fact issue, is inadmissible and should be stricken or disregarded by the Court.

Appendix 6 – this purports to be another doctor's injury excuse note that Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The

---

[7] This doctor's note, as well as the notes set forth in his Appendix 5 and 6 (discussed below), was produced by Vought to Defendants in connection with Defendants' investigation into Blanks' grievance. Defendants agree that these documents are admissible for the limited purpose of showing that Vought produced them to Defendants as part of its demonstration to the union, during the grievance process, of its ability to defend its discharge of Blanks. However, Defendants object to Blanks offering this note, as he plainly does in his summary judgment motion, as evidence that he had a meritorious grievance because Vought discharged him without just cause in violation of the CBA. This latter issue is foreclosed by collateral estoppel. The same is true with respect to the doctor's notes that are in Appendix 5 and 6 as discussed below.

record is also inadmissible hearsay under Fed.R.Evid., Rule 802 as it is an out of court statement offered for the truth of what it says. The note is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant to this case under Fed.R.Evid., Rule 401. Thus, this note does not affect any material fact issue, is inadmissible and should be stricken or disregarded by the Court.

Appendix 7 – this purports to be a Vought record Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The record is also inadmissible hearsay under Fed.R.Evid., Rule 802 as it is an out of court statement offered for the truth of what it says. The record is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant to this case under Fed.R.Evid., Rule 402. Thus, this document does not affect any material fact issue, is inadmissible and should be stricken or disregarded by the Court.

Appendix 16 – this appears to be two separate documents scanned together by Blanks so as to appear as a single "document." The upper part is what Blanks contends is a Vought record relating to its decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating issues regarding the propriety of his discharge. This upper part is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant to this case under Fed.R.Evid., Rule 402. The lower part appears to be an out of court statement from an unknown declarant attributing additional out of court statements to other unknown declarants, all of which are offered for the truth of the statements. As

15

such, these statements are inadmissible hearsay under Fed.R.Evid., Rule 802. Thus, this "document" does not affect any material fact issue, is inadmissible and should be stricken.

Appendix 17 – this purports to be another Vought record Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The record is also inadmissible hearsay under Fed.R.Evid., Rule 802 as it is an out of court statement offered for the truth of what it says. The record is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant to this case under Fed.R.Evid., Rule 402. Thus, this document does not affect any material fact issue, is inadmissible and should be stricken or disregarded by the Court.

Appendix 21 – this purports to be telephone records from the Sprint telephone company reflecting what Blanks contends reflect telephone calls with Defendants about his grievance. The records are inadmissible hearsay under Fed.R.Evid., Rule 802 as they are an out of court statement offered for the truth of what they say. The records are also not authenticated under Fed.R.Evid., Rule 901. Thus, this document is inadmissible and should be stricken or disregarded by the Court.

Appendix 22 – this purports to be another Vought record Blanks submits in an effort to re-litigate issues regarding Vought's decision to discharge him already decided adverse to Blanks in his separate suit against Vought. As noted in Section III above, Blanks is collaterally estopped from re-litigating these issues. The record is also inadmissible hearsay under Fed.R.Evid., Rule 802 as it contains various out of court

16

statements by unknown declarants offered for the truth of the statements. The record is also not authenticated under Fed.R.Evid., Rule 901 and nor is it relevant to this case under Fed.R.Evid., Rule 402. Thus, this document does not affect any material fact issue, is inadmissible and should be stricken or disregarded by the Court.

WHEREFORE, Defendants respectfully request the Court to grant Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence.

Respectfully Submitted,


s/ Sanford R. Denison
SANFORD R. DENISON
Texas Bar No.  05655560
Baab & Denison, LLP
Stemmons Place, Suite 1100
2777 N. Stemmons Freeway
Dallas, TX 75207
(214) 637-0750; (214) 637-0730 FAX
Email: denison@baabdenison.com

COUNSEL FOR UNITED AEROSPACE
WORKERS LOCAL 848 of the UAW,
RUSSELL STROWD, WENDELL
HELMS, AND
ROMEO MUNOZ

DATED:  June 21, 2011


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2011 I electronically filed the forgoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the below listed pro se party by electronic means.

A. Cornell Blanks
P.O. Box 101501
Fort Worth, Texas 76185

s/ Sanford R. Denison
SANFORD R. DENISON

18