IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| A. CORNELL BLANKS | § | |
| | § | |
| VS. | § | ACTION NO. 4:10-CV-297-Y |
| | § | |
| UNITED AEROSPACE WORKERS UNION | § | |
| UAW LOCAL 848, ET AL. | § | |

ORDER RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court is Defendants' Motion for Summary Judgment and/or to Dismiss (doc. 59). Also pending before the Court is Plaintiff's First Motion for Summary Judgment (doc. 69). After review of the motions, the related briefs, the admissible evidence highlighted therein, and the applicable law, the Court concludes that Defendants' motion should be granted, and Plaintiff's motion should be denied.

I.   Facts

Plaintiff A. Cornell Blanks worked for Vought Aircraft Industries, Inc. ("Vought"), as an assembler from approximately January 8, 2008, until he was terminated in July of that year. Vought terminated Blanks on the grounds that he had allegedly falsified information he provided on a worker's compensation claim. Blanks subsequently requested that his union, defendant United Aerospace Workers Local 848 ("Local 848"), grieve his termination as provided in the collective bargaining agreement ("CBA") in effect at the time between Vought, Local 848, and the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America

UAW ("UAW").

Blanks's grievance was pursued by Local 848 through several steps as provided in the CBA. At every step, Vought refused to change its decision regarding Blanks's firing. After the third step of the process provided in the CBA, the grievance committee voted to appeal Blanks's grievance to the Prearbitration Review Step, commonly referred to as "Step 3½." At this step, the grievance is no longer handled at the Vought plant level. Rather, a meeting is held between Vought's director of labor relations or his designee, the chairman of Local 848's plant grievance committee (defendant Strowd), Local 848's president (defendant Munoz), and a representative of UAW (defendant Helms).

At the meeting required at step 3½, Vought's director of labor relations remained persuaded that Blanks's discharge was proper and concluded that Vought would not change its position, reinstate Blanks, or alter in any manner the decision to terminate him. After this step, Strowd, Munoz, and Helms met to discuss whether to pursue Blanks's grievance to arbitration. After reviewing the details of their own investigation and documents provided to them by Vought during the prior steps, Helms decided, and Strowd and Munoz concurred, that pursuing Blanks's grievance to arbitration would be fruitless. As a result, Helms decided the grievance instead should be withdrawn, and he notified Blanks of this decision by letter dated October 30, 2009.

Blanks subsequently filed suit against Vought in the Dallas division of the Northern District of Texas, case number 3:09-CV-695-K,

contending in part that his termination violated the CBA.  Summary judgment was granted in Vought's favor on October 12, 2010, with the Court concluding that "Vought is entitled to summary judgment on any claim for breach of [the CBA] contract" arising out of Blanks's allegedly wrongful termination.  *Blanks v. Vought Aircraft Indus., Inc.*, No. 3:09-CV-0695-K, 2010 WL 4315530 (N.D. Tex., Oct. 12, 2010) (Stickney, M.J.).  Blanks has appealed that decision, and the appeal remains pending.

Blanks also filed this suit, proceeding pro se, against Local 848, Strowd, Helms, and Munoz.  Much of Blanks's complaint protests Vought's actions in terminating him.  Blanks also alleges, however, that Local 848 engaged in discrimination and retaliation, breached the CBA, and violated the National Labor Relations Act ("NLRA") in the manner it processed his grievance and by withdrawing it before proceeding to arbitration.[1]  Defendants now seek summary judgment or dismissal as to all of Blanks's claims, and Blanks has filed a cross-motion for summary judgment on his claims.

## II.  Standards of Review

A.  Federal Rule of Civil Procedure 12(b)(6)

Dismissal of a complaint is authorized under this rule when the complaint fails "to state a claim upon which relief can be granted."  This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement

---

[1] Although defendant Strowd is mentioned a few times in the complaint, there are no specific allegations against defendant Helms or Munoz.

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum*, 677 F.2d at 1050.

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 1955. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

B.  Federal Rule of Civil Procedure 56

Summary judgment is appropriate when the record establishes "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute is "genuine" if the issue could be resolved

in favor or either party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where, as here, a case is presented by way of cross-motions for summary judgment, each movant may have the burden of producing evidence to support its position. A movant who bears the burden of proof at trial on a claim or defense must establish "beyond peradventure **all** of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine factual dispute. *See Duffy v. Leading Edge Prods., Inc.* 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper by establishing the existence of a genuine factual dispute. *Id.* Although a court considers "the evidence in the light most favorable to the nonmoving party, . . . conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Id.*

### III.  Analysis

After thoroughly reviewing the briefs submitted by the parties and the admissible evidence highlighted therein, the Court concludes that Defendants are entitled to dismissal or summary judgment.

A.  Duty of Fair Representation

Blanks's claim that the union breached its duty of fair representation fails for multiple reasons. Even assuming the claim survives Defendants' statute-of-limitations challenge, it nevertheless fails because Blanks was unsuccessful against his employer, Vought, in his prior suit. Furthermore, Blanks has simply failed to present admissible evidence tending to suggest that the union breached its duty.

Before an employee can sue his employer for breach of a CBA, he must exhaust the CBA's grievance and arbitration remedies. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). But "when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation . . . [the] employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id.* at 164. Such suits are called "hybrid suits" and require that the employee prove his claims against both the employer and the union:

> [H]ybrid suits formally comprise two causes of action. First, the employee alleges that the employer violated § 301 of the Labor Management Relations Act, . . . 29 U.S.C. § 185, by breaching the collective-bargaining agreement. Second, the employee claims that the union breached its duty of fair representation, which this Court has implied from the scheme of the [National Labor Relations Act section 8(b)], by mishandling the ensuing grievance-and-arbitration proceedings.

*Reed v. United Transp. Union*, 488 U.S. 319, 328 (1989). "If the employee so chooses, [he] may sue one defendant and not the other, but the case to be proved is the same whether one or both are sued."

*Thomas v. LTV Corp.*, 39 F.3d 611, 628 (5th Cir. 1994). "Unless the employee proves both claims, neither the claim against the employer nor the claim against the union can stand." *McCall v. Sw. Airlines Co.*, Civil Action No. 3:08-CV-2000-M, 2010 WL 3119388, at *2 (N.D. Tex. Aug. 6, 2010) (Lynn, J.).

In Blanks's separate suit against Vought, the court granted summary judgment on his claims, concluding that Vought did not violate the CBA when it terminated Blanks. Consequently, Blanks cannot prove the first portion of his claim against the union in this case. As urged by Defendants, he is collaterally estopped from relitigating Vought's alleged breach of the CBA in this action. As a result, Defendants are entitled to summary judgment on Blanks's claim that the union breached its duty of fair representation. *See id.* (granting summary judgment on plaintiff's fair-representation claim against union without reaching its merits where court had already concluded that employer was entitled to summary judgment on plaintiff's claim that employer breached the CBA).

Furthermore, even assuming Blanks is not estopped from pursuing this claim, he has failed to present competent evidence suggesting that the union or the individual defendants acting on its behalf breached this duty. In fact, the overwhelming evidence demonstrates that the union and the individual defendants did everything in their power to assist Blanks in getting his termination rescinded. This, despite the fact that all evidence the union officials uncovered during their own investigation, coupled with the documents they were provided from Vought regarding the matter, suggest that Blanks did,

indeed, submit a fraudulent worker's compensation claim. As a result, once the union officials reached the stage where they had to decide whether to take the case to arbitration, they reasonably concluded that such a course of action would be pointless. Blanks simply has presented no competent evidence tending to suggest that the decision not to pursue his grievance to arbitration was arbitrary or made in bad faith.[2]

B. Discrimination and Retaliation

Although less than clear, Blanks's complaint appears to assert claims that the union engaged in discrimination against him on the basis of his race or retaliated against him for filing a charge with the Equal Employment Opportunity Commission ("EEOC"). As urged by Defendants, however, to the extent that Blanks asserts these claims under Title VII, 42 U.S.C. § 2000e, *et seq.,* or the Texas Commission on Human Right Act, Tex. Lab. Code Ann. § 21.001, *et seq.*, they must be dismissed because Blanks has failed to allege or demonstrate that he exhausted his administrative remedies by filing a charge of discrimination against Defendants with the EEOC or applicable state agency. *See Wheeler v. Am. Home Prods. Corp.*, 582 F.2d 894, 897 (5th Cir. 1978).

C. Unfair Labor Practice

Blanks's complaint also appears to assert that the union's

---

[2] Furthermore, the individual defendants cannot be held personally liable for actions performed in their capacity as union representatives. *See Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 248-49 (1962) ("When Congress passed § 301, it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy."); *Wells v. S. Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1985) ("individual union members have no representational duties to other members of the bargaining unit. The duty of fair representation is incumbent upon the labor organization only").

alleged breach of its duty of fair representation also constituted an unfair labor practice under section 8(d) of the NLRA. The Court has already determined that summary judgment should be granted in favor of the union on Blanks's contention that it breached this duty. Furthermore, to the extent Blanks asserts an unfair-labor-practice claim, such claim is preempted by the NLRA, which grants exclusive jurisdiction over such claims to the National Labor Relations Board. *See Vaca v. Sipes*, 386 U.S. 171, 178-9 (1967).

D.  State-Law Claims

Blanks's complaint asserts no other claims against Defendants. Nevertheless, in the joint status report filed by the parties, he asserted a laundry list of state-law claims. *See* Joint Status Report and Proposed Discovery Plan (doc. 14) 2 (asserting "common law negligence, common law fraud, intentional infliction of emotional stress/distress [IIED], . . . common law discrimination, malpractice claim, personal injury claim and various contract frauds"). Blanks has wholly failed to allege these claims in his complaint or provide a factual basis for them. Consequently, Defendants are correct that they are subject to dismissal under Rule 12(b)(6). Furthermore, for the reasons urged by Defendants, any such claims appear to be preempted by section 301 of the LMRA and the federal duty of fair representation. *See Thomas*, 39 F.3d at 616 ("Preemption occurs (under section 301) when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the applicabion of state law to a dispute requires interpretation of the [CBA]"); *Reece v. Houson Lighting & Power Co.*,

79 F.3d 485, 487 (5th Cir. 1996) (holding that a discrimination claim under the Texas Labor Code and Claims and an IIED claim were preempted by section 301); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1166-67 (noting that the "federal duty of fair representation preempted state substantive law" when a plaintiff alleges that a union has breached a duty that arises from its status as the plaintiff's exclusive collective bargaining agent under the NLRA).

## IV.  Conclusion

For these reasons, Defendants' motion to dismiss or for summary judgment is GRANTED, and Blanks's cross motion for summary judgment is DENIED.  Blanks's claims are DISMISSED WITH PREJUDICE to their refiling.

SIGNED August 17, 2011.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE